**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

v.   **Case No. 6:13-cr-293-Orl-37DAB**

**SHANTERICA SMITH**   **USM No. 56340-018**

---

### ORDER

This cause is before the Court on Shanterica Smith's pro se Motion to Change Method by Which Balance of Sentence is Served (Doc. 55), filed January 21, 2016.

### BACKGROUND

In accordance with 18 U.S.C. § 3582, and upon consideration of Defendant Shanterica Smith's guilty plea and a fulsome record, the Court adjudicated Defendant guilty of identity fraud and sentenced her to "a total term of sixty (60) months" imprisonment ("**Sentence**") in the custody of the U.S. Bureau of Prisons ("**Bureau**"). (*See* Doc. 22 (Change of Plea); Doc. 38 (Judgment); *see also* Docs. S-31, 35, 36, 37, 47.) The Sentence was a significant downward departure from the advisory sentence provided by application of the U.S. Sentencing Commission Guidelines ("**Guidelines**"). (*See* Docs. S-30, S-39.) Defendant now seeks a further departure from the Guidelines by entry of an Order providing for home confinement in lieu of imprisonment so that Defendant can care for her very young daughter ("**Motion**"). (Doc. 55.) Defendant contends that the Court is "empowered" to afford such relief because the Bureau "has failed and refused to effectuate" the Family Unity Demonstration Project ("**Family Project**"). (*See id.*) The Government did not respond to the Motion.

**DISCUSSION**

In criminal matters, a finality rule applies, which forbids sentencing courts from modifying a "'term of imprisonment once it has been imposed'" ("**Finality Rule**"). *See Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (quoting 18 U.S.C. § 3582(c)); *Dillon v. United States*, 560 U.S. 817, 819 (2010). The Finality Rule defines the limits of this Courts' jurisdiction in criminal matters, and it is subject to only the few narrow exceptions set forth in § 3582 ("**Exceptions**"). *See Freeman*, 131 S. Ct. at 2690–91. Specifically, the Exceptions provide the Court with jurisdiction to:

(1) correct "clear" error within 14 days after sentencing (*see* Fed. R. Crim. P. 35(a); *see also* 18 U.S.C. § 3582(c)(1)(B));

(2) rule on a "substantial assistance" motion filed by the Government (*see* Fed. R. Crim. P. 35(b); *see also* 18 U.S.C. § 3582(c)(1)(B));

(3) rule on a motion filed by the Director of the Bureau (*see* 18 U.S.C. § 3582(c)(1)(A); *see also id.* § 3582(b)(1)); and

(4) implement a retroactive change to the Guidelines (*see id.* § 3582(c)(2); *see also id.* § 3582(b)(1)).

*See United States v. Rodriguez*, 499 F. App'x 904, 910 (11th Cir. 2012) (reversing modified sentences because district court "lacked jurisdiction" to modify); *United States v. Philips*, 404 F. App'x 422, 423 (11th Cir. 2010) (noting that sentencing court "lacked jurisdiction to modify" criminal sentence); *see also United States v. Baxter*, No. 15-12788, 2016 WL 93027, at *1 (11th Cir. March 11, 2016) (holding that district court was not authorized to reduce or modify a sentence).

Here, the Sentence is final (*see* Docs. 38, 40, 54), and none of the Exceptions apply because: (1) more than 14 days have passed since Defendant's sentencing; (2) the Motion was filed by Defendant—not the Government or the Bureau; and (3) the Motion

does not concern a retroactively lowered Guideline range. (*See* Doc. 55.) Further, Defendant's argument that the failed Family Project somehow "empowers" the Court to modify the Sentence is in direct conflict with the fundamental principle that the judiciary cannot expand its own jurisdiction.[1] *See Snyder v. Harris*, 394 U.S. 332, (1969) (noting that the power to "expand the jurisdiction" of the courts is vested by the U.S. Constitution "in the Congress, not the courts"). Thus, the Motion is due to be denied in accordance with the Finality Rule.

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that Shanterica Smith's pro se Motion to Change Method By Which Balance of Sentence is Served (Doc. 55) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 12, 2016.



ROY B. DALTON JR.
United States District Judge

---

[1] Similar arguments concerning the Family Project have been rejected by federal courts in California, Kansas, and Utah. *See United States v. Meza-Pena*, No. 2:12-cr-21, 2013 WL 2991059, at *1 (C.D. Cal. June 14, 2013) (denying motion to modify sentence); *United States v. Lawton*, No. 08-40060, 2011 WL 5506282, at *2 (D. Kan. Nov. 10, 2011) (noting that the Family Project "is of no consequence" to prisoner's sentence modification request); *United States v. Holt*, No. 08-10147-01-WEB, 2010 WL 781721, at *2 (D. Kan. Mar. 8, 2010) (denying request to serve end of sentence on home detention in lieu of program envisioned by the Family Project); *United States v. Wright*, No. 2:06-cr-834, 2008 WL 4219076, at *1 (D. Utah. Sept. 15, 2008) (denying request to "change the method by which the balance of sentence is served").

Copies:
Defendant Shanterica Smith
United States Attorney